ON MOTION FOR REHEARING
FORST, J.
The Appellant, Leslie Harris, appeals the order entering final judgment for Aberdeen Golf & Country Club (“Aberdeen Club”), after Aberdeen Club’s motion for summary judgment was granted. The order reflects that final judgment was entered for Aberdeen Club based solely on the entry of final orders as to the co-defendants, Aberdeen Property Owners Association (Aberdeen POA) and Bristol Lakes Homeowners Association (Bristol Lakes HOA). As to Aberdeen POA, the court entered a final summary judgment based on the statute of limitations. As to Bristol Lakes HOA, the court entered an order dismissing the count related to Bristol Lakes HOA, based on Harris’s failure to comply with a condition precedent to suing a homeowners association.
On appeal, Harris argues the trial court lacked jurisdiction to enter a final judg *1098 ment in favor of Aberdeen Club when appeals of final orders related to the other defendants were pending. We find no merit to this argument. However, we do agree with Harris that if the final summary judgment entered in favor of Aberdeen POA is reversed, the final judgment in the instant case should also be reversed, because Aberdeen Club’s and Aberdeen POA’s motions for summary judgment were both based on the statute of limitations. Because we reversed the final summary judgment entered in favor of Aberdeen POA, see Harris v. Aberdeen Property Owners Association (Fla. 4th DCA 2013), we reverse the final judgment in the instant case. We note that although the trial court also based its final judgment for Aberdeen Club on the final order entered in favor of Bristol Lakes HOA, that order really had no impact on the suit against Aberdeen Club, as the order was based on an issue not related to the counts against Aberdeen Club and Aberdeen POA.

Reversed and remanded.

TAYLOR and LEVINE, JJ., concur.